UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL NASEMAN,

    Plaintiff,

v.

Case No. 19-cv-11796
Hon. Matthew F. Leitman

TRINITY SERVICE GROUP, et. al.,

    Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

## I. Introduction

Paul Naseman, confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a pro se civil rights complaint. For the reasons stated below, the Court will dismiss the complaint with respect to defendants: (1) Trinity Service Group, (2) Unknown Food Supplier Company, (3) S. Campbell, Warden, (4) G. Hissong, Food Service Director, (5) Unknown Randall, Food Service Supervisor, (6) Unknown Bennett, Food Service Supervisor, and (7) Heidi Washington, Director Michigan Department of Corrections, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for Plaintiff's failure to state an Eighth Amendment claim. The case may proceed against defendant (8) Unknown Tanner, Inspector Gus Harrison Correctional Facility, on Plaintiff's First Amendment retaliation claim.

1

## II. Standard of Review

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's pro se complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## III. Complaint

Plaintiff asserts that on October 18, 2018, while at the Gus Harrison Correctional Facility in Adrian, Michigan, he bit down on what he believed to be a human tooth during dinner. He swallowed what he believed to be the tooth, but what he believed to be a metal filling from the tooth lodged in the roof of his mouth. He showed other inmates the filling.

Plaintiff reported the incident to defendant Randall, a food service supervisor. Plaintiff claims that Randall acknowledged that it appeared to be a filling. Plaintiff claims he was treated by nurses and was tested for communicable diseases. Plaintiff also saw a facility psychologist because he was upset at eating "a piece of another human." Dkt. 1, at 18.

Plaintiff filed a grievance the same day as the incident, but defendants Hissong, Randall, Bennett, and Campbell all denied that the incident occurred, asserting that the swallowed object was likely a piece of gristle in the beef stew. Plaintiff claims that he attempted to complain to the American Friends Service Committee and Humanity for Prisoners, but his phone calls were blocked or censored.

Plaintiff claims that on October 24, 2018, defendant Tanner called him into the control center and threatened that "bad things would happen" if he continued to "fuck with this prison." Id. Plaintiff claims that in retaliation for his continued complaints he was moved on October 25, 2018, from his security level 2 placement to the more restrictive maximum-security level 4 St. Louis Facility. Id. at 5, 15.

### IV. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

<u>A. Eighth Amendment - Tooth in Food</u>

Plaintiff's allegations concerning the presence of a human tooth in his food fall short of stating a cognizable claim under the Eighth Amendment. In order to

prevail on an Eighth Amendment claim, a prisoner must show that he faced a sufficiently serious risk to his health or safety and that the defendant state officials acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff's allegations concerning the tooth fail to allege deliberate indifference on the part of any of the named defendants. At best, he alleges that someone was negligent in preparing his meal. Allegations of negligence fall short of the deliberate indifference required to state an Eighth Amendment claim. See *Farmer*, 511 U.S. at 835 (holding that an Eighth Amendment violation requires a "state of mind more blameworthy than negligence").

Accordingly, Plaintiff has failed to state an Eighth Amendment claim against defendants: (1) Trinity Service Group, (2) Unknown Food Supplier Company, (3) S. Campbell, Warden, (4) G. Hissong, Food Service Director, (5) Unknown Randall, Food Service Supervisor, (6) Unknown Bennett, Food Service Supervisor, and (7) Heidi Washington, Director Michigan Department of Corrections.

B. First Amendment - Retaliation

Construing the pro se complaint liberally, Plaintiff asserts that defendant Unknown Tanner, an inspector at the Gus Harrison Facility, had Petitioner

4

transferred to another more restrictive facility because of his complaints about the incident. Plaintiff asserts that this action violated his First Amendment rights.

A First Amendment retaliation claim entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Filing grievances, as Plaintiff alleges here, is protected conduct. *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996)). Plaintiff has therefore alleged facts to satisfy the first element.

"[A]n adverse action is one that would 'deter a person of ordinary firmness' from the exercise of the right at stake." *Thaddeus-X*, 175 F.3d at 396 (quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)). A transfer to a significantly more restrictive prison environment may amount to an adverse action. See *Hermansen v. Kentucky Dep't of Corr.*, 556 F. App'x 476, 477 (6th Cir. 2014) (per curiam); see also *Williamson v. Woods*, 2018 WL 6177393, at *5 (W.D. Mich. Nov. 27, 2018) (collecting cases). Plaintiff asserts that he was transferred from a relatively low level 2 facility to a maximum-security level 4 facility. This allegation satisfies the second element.

Finally, Plaintiff asserts that he was transferred the day after he was threatened by defendant Tanner for continuing to complain about the incident. This allegation – along with the temporal proximity between the protected conduct and the transfer – satisfies the causation element.

The complaint may therefore proceed against defendant Tanner on Plaintiff's First Amendment retaliation claim.

## V. Conclusion

**IT IS ORDERED** that the Complaint is **SUMMARILY DISMISSED** for Plaintiff's failure to state a claim against defendants: (1) Trinity Service Group, (2) Unknown Food Supplier Company, (3) S. Campbell, Warden, (4) G. Hissong, Food Service Director, (5) Unknown Randall, Food Service Supervisor, (6) Unknown Bennett, Food Service Supervisor, and (7) Heidi Washington, Director Michigan Department of Corrections.

**IT IS FURTHER ORDERED** that the case may proceed with respect to defendant (8) Unknown Tanner, Inspector, Gus Harrison Correctional Facility.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 8, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 8, 2019, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (810) 341-9764